

**U. S. Department of Justice**

**Dena J. King**
United States Attorney
Western District of North Carolina

---

*United States Attorney's Office*　　　　　　　　　　　　　　　　*United States Attorney's Office*
*227 West Trade Street, Suite 1650*　　　　　　　　　　　　　　*100 Otis Street*
*Charlotte, North Carolina 28202*　　　　　　　　　　　　　　　*Asheville, North Carolina 28801*
*Telephone (704) 344-6222*　　　　　　　　　　　　　　　　　　*Telephone (828) 271-4661*
*Fax (704) 344-6629*　　　　　　　　　　　　　　　　　　　　　*Fax (828) 271-4670*

August 13, 2024

Nwamaka Anowi
Clerk, United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

　　　　　　　　Re:　　*United States v. Arbab Saleem*, No. 23-4693

Dear Ms. Anowi:

　　　Two of this Court's recent decisions support the United States' argument that the registration requirement for short-barreled shotguns and silencers is constitutional.

　　　First, this Court held in *United States v. Price*, No. 22-4609, that 18 U.S.C. § 922(k), which bans possession of firearms with obliterated serial numbers, does not violate the Second Amendment because such firearms are not in common use for lawful purposes. Slip Op. 4. *Price* clarified the framework for determining whether a firearm is in common use under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). The Court explained that *Bruen*'s first step requires a determination of "whether a weapon's common use is a lawful one — such as self-defense — or one that would be unlawful for ordinary citizens to engage in — such as concealing the commission of crimes." Slip Op. 20. The Court contrasted short-barreled shotguns, which "[w]e know from Supreme Court precedent … are not in common use for a lawful purpose," with handguns, which are "the quintessential self-defense weapon." Slip Op. 16. And it instructed that courts may consider "statistics," "common sense," and a weapon's "dangerousness" in making the determination. Slip Op. 20–21. Because statistics and common sense suggest that short-barreled shotguns and silencers are not in common use for lawful purposes, *Price* supports the constitutionality of statutes requiring their registration.

Second, in *Bianchi v. Brown*, No. 21-1255, this Court upheld Maryland's ban on assault weapons. This Court explained that weapons that "inflict damage on a scale or in a manner disproportionate to the end of personal protection" fall outside the Second Amendment. Slip Op. 22. One of those weapons this Court described as "particularly desirable" to criminals is the short-barreled shotgun. Slip Op. 22. And this Court rejected the contention that a weapon's mere popularity puts it in common use. Slip Op. 39–40. *Bianchi* also supports the United States' argument that short-barreled shotguns and silencers are not in common use for lawful purposes.

Sincerely,

Dena J. King
United States Attorney

s/Julia K. Wood
Assistant United States Attorney

cc: William R. Terpening (by ECF)