**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4693**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARBAB SALEEM,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Senior District Judge. (3:21-cr-00086-FDW-SCR-1)

---

Submitted: August 26, 2024 Decided: December 12, 2024

---

Before WILKINSON, AGEE, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arbab Saleem pled guilty to knowingly possessing an unregistered short-barreled shotgun, in violation of 18 U.S.C. § 921(a)(6) and 26 U.S.C. §§ 5845(a)(2), 5861(d), 5871; and to knowingly possessing an unregistered silencer in violation of 18 U.S.C. § 921(a)(3)(C), (a)(25) and 26 U.S.C. §§ 5845(a)(7), 5861(d), 5871. Following entry of his guilty plea, Saleem moved to dismiss the indictment based on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Saleem argued that both counts of the indictment to which he pled guilty were facially unconstitutional, asserting that the plain text of the Second Amendment protected the possession of short-barreled shotguns and silencers and there were no analogous historical traditions supporting the regulation of his conduct. The district court denied Saleem's motion to dismiss the indictment and sentenced him to 18 months' imprisonment. Saleem now appeals, challenging the district court's denial of his motion.

"We review the district court's factual findings on a motion to dismiss an indictment for clear error, but we review its legal conclusions *de novo*." *United States v. Perry*, 92 F.4th 500, 513 (4th Cir. 2024), *cert. denied*, No. 23-7413, 2024 WL 2883847 (U.S. June 10, 2024); *see also United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012). The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. "Prior to *Bruen*, courts evaluating the constitutionality of a gun regulation balanced the individual's Second Amendment right to possess a gun with the state's interest in promoting safety. *Bruen* replaced this balancing test." *United States v. Claybrooks*, 90

F.4th 248, 255 (4th Cir. 2024) (internal citations omitted). In *Bruen*, the Supreme Court rejected the means-end analysis that many circuit courts had adopted after *District of Columbia v. Heller*, 554 U.S. 570 (2008), instead holding "in keeping with *Heller*," that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government . . . must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17.

In determining whether the Second Amendment's plain text covers conduct, we ask, inter alia, "whether the weapons regulated by the challenged regulation were in common use for a lawful purpose." *United States v. Price*, __F.4th.__, __, No. 22-4609, 2024 WL 3665400, at *5 (4th Cir. Aug. 6, 2024) (internal quotations marks omitted). While "the Supreme Court has not elucidated a precise test for determining whether a regulated arm is in common use for a lawful purpose," "[w]e know from Supreme Court precedent that short-barreled shotguns and machineguns are not in common use for a lawful purpose." *Id*. at *7. Specifically, in *Heller*, the Supreme Court discussed *United States v. Miller*, 307 U.S. 174 (1939), in which the Court upheld as constitutional under the Second Amendment convictions for transporting unregistered short-barreled shotguns under the National Firearms Act, one of the regulations challenged here. *Heller*, 554 U.S. at 621-22. "Nothing in *Bruen* abrogated *Heller*'s extensive discussion of the contours of the scope of the right enshrined in the Second Amendment." *Price,* 2024 WL 3665400 at *4. Accordingly, "*Miller* stood for the proposition 'that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as

short-barreled shotguns'—a proposition *Heller* adopted as 'according[ing] with the historical understanding of the scope of the [Second Amendment] right.'" *Id.* (quoting *Heller*, 554 U.S. at 625). Therefore, Saleem's possession of a short-barreled shotgun is not protected by the Second Amendment.

With respect to the second challenged regulation, concerning silencers, Saleem contends that silencers are considered arms that fall within the scope of Second Amendment protection, or if not arms, reasonably necessary accoutrements. We disagree. The Supreme Court in *Heller* defined "arms" as "any thing that a man wears for his defence, or takes into his hands, or useth in wrath to cast at or strike another." 554 U.S. at 581 (internal quotation marks omitted). Therefore, "the Second Amendment extends . . . to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Id.* at 582. While a silencer may be a firearm accessory, it is not a "bearable arm" that is capable of casting a bullet. Moreover, while silencers may serve a safety purpose to dampen sounds and protect the hearing of a firearm user or nearby bystanders, it fails to serve a core purpose in the arm's function. A firearm will still be useful and functional without a silencer attached, and a silencer is not a key item for the arm's upkeep and use like cleaning materials and bullets. *Cf. Miller*, 307, U.S. at 182. Thus, a silencer does not fall within the scope of the Second Amendment's protection. The district court therefore properly denied Saleem's motion to dismiss the indictment based on *Bruen*.

Accordingly, we affirm the district court's judgment and deny Saleem's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*